**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 12 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARCO MILLA, | No. 17-55330 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-00134-R-AJW |
| v. | MEMORANDUM* |
| CITY OF LOS ANGELES; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted November 16, 2018
Pasadena, California

Before: GOULD, PARKER,** and MURGUIA, Circuit Judges.

Plaintiff-Appellant Marco Milla was wrongfully arrested, convicted, and

incarcerated for over 10 years for murder. He appeals the District Court's grant of

summary judgement dismissing his claims under § 1983. He alleged that

---

\* This disposition is not appropriate for publication and is not
precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Barrington D. Parker, United States Circuit
Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

1

Defendants unlawfully imprisoned and maliciously prosecuted him, violated due process by using suggestive photo identification techniques, and withheld *Brady* material. Milla also appeals the dismissal of Detective John Vander Horck for failure to timely serve him. We affirm in part and reverse in part.

**1.** While probable cause is a bar to claims of false imprisonment and malicious prosecution, the District Court erred in concluding that probable cause existed because it is a question for resolution by a jury where, as here, genuine disputes over material facts exist. *See*, *e.g.*, *Choi v. Gaston*, 220 F.3d 1010, 1012 (9th Cir. 2000) (citing *McKenzie v. Lamb*, 738 F.2d 1005, 1008 (9th Cir. 1984)). Moreover, when determining probable cause to prosecute, "[w]hat facts the defendant knew is an issue of fact for the jury." *Roberts v. McAfee, Inc*., 660 F.3d 1156, 1164 (9th Cir. 2011). Here, probable cause was based primarily on eyewitness identifications. Milla has raised genuine issues of material fact regarding the identifications including, *inter alia*, whether the detectives asked leading questions during the witness interviews, whether the witnesses' earlier testimony contradicted later identifications, and whether the detectives failed to investigate Milla's alibi.

**2.** The District Court determined that the photographic lineups used to identify Milla were not sufficiently suggestive as to violate due process. Milla challenges this determination, contending that his photograph was contained in two

2

of the photo arrays shown to the witnesses and that the detectives asked the witnesses leading questions. The District Court erred because genuine issues of material fact existed regarding the identifications. Determinations such as "whether the witnesses in this case had an opportunity to observe the crime or were too distracted; whether the witnesses gave a detailed, accurate description; and whether the witnesses were under pressure from [government] officials or others are all questions of fact" that should be determined by a jury. *Sumner v. Mata*, 455 U.S. 591, 597 (1982).

**3.** Milla contends that Defendants withheld four pieces of evidence in violation of *Brady*: (1) references in the Tape Record Log to recordings of interviews with two key witnesses; (2) tapes that indicate that the witnesses who identified Milla were unsure about the identification; (3) tapes that indicate that the witness interviews in which Milla was identified were tainted by Defendants' misconduct; and (4) the existence of Maria Flores, a witness who would have corroborated his defense.

There is no genuine dispute that the prosecutors provided Milla the Tape Log. The Log informed him of the identity of the witnesses and of the existence of the tapes. He was free to listen to the tapes if he chose to do so and from them he could gauge the tentativeness of the witnesses or the suggestiveness of the detectives' questions. Additionally, Milla knew the identity of most of the

3

witnesses who could support his alibi defense. The only witness of which he was unaware was Maria Flores. But it is undisputed that Defendants were also unaware of her until Milla brought her forward in the course of moving for a new trial. Thus, the District Court appropriately concluded that no *Brady* material was withheld.

**4.** Milla also claims that the District Court erred in granting Detective Vander Horck's motion to dismiss. We agree. In its order granting Vander Horck's motion to dismiss, the District Court stated that it *must* dismiss unless Milla demonstrated good cause. This misstates the law under Rule 4(m), which makes clear that in the absence of good cause, a court has discretion to extend the period in which service can be made. Fed. R. Civ. P. 4(m). Therefore, by failing to apply the correct law, the District Court abused its discretion. We remand this issue to permit the District Court to determine whether the period for service of process should be extended.

**5.** Finally, Milla requests that we remand the case to a different district judge. Although "[w]e reassign only in rare and extraordinary circumstances," we will do so when we find that "reassignment is advisable to maintain the appearance of justice." *Nat'l Council of La Raza v. Cegavske*, 800 F.3d 1032, 1045 (9th Cir. 2015). Milla was wrongfully imprisoned for over a decade, and his claims were, and are, serious enough to warrant meaningful consideration. A decision at the

4

summary judgement stage in a case such as this, without the benefit of a hearing or oral argument, raises real doubts as to the care with which Milla's claims were examined. Therefore, on remand, we instruct the Chief Judge of the Central District of California to assign the case to a different district judge.[1]

**AFFIRMED IN PART, REVERSED IN PART, and REMANDED WITH INSTRUCTIONS.**

---

[1] We believe that this case is appropriate for resolution through mediation. The parties are therefore encouraged to attempt to mediate this case under the auspices of the Circuit's Mediation Office. *See* 9th Cir. R. 33-1.